MICHAEL J. McCABE
California Bar No. 54078
2442 Fourth Avenue
San Diego, CA 92101
Telephone (619) 231-1181
Fax (619) 232-6052

Attorney for Defendant
JAMES MINCOFF

FILED
2008 MAR 20 PM 3:51
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY RM DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(Honorable Dana M. Sabraw)

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. JAMES MINCOFF (3), Defendant. | '08 CV 0524 LAB NLS Civil No. (Ancillary to 06CR1241-DMS) **MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR A WRIT OF HABEAS CORPUS [28 U.S.C. § 2241]** |

**FACTUAL CONTEXT**

On February 1, 2008, Mr. Mincoff was sentenced to 240 months (20 years-10 year minimum mandatory enhanced due to a prior conviction) in custody as a result of his convictions, after jury trial, in the above-referenced case, by Hon. Dana M. Sabraw, in the United States District Court for the Southern District of California at San Diego, California. Judge Sabraw, pursuant to Rule 38(b), Federal Rules of Criminal Procedure, recommended that Mr. Mincoff be designated to FCI-Terminal Island, California, during the pendency of his appeal of the judgment and sentence imposed. Judge Sabraw alternatively recommended placement at FCI-Lompoc, California, if Mr. Mincoff was found to be ineligible for placement at Terminal Island. Notwithstanding this recommendation, Mr. Mincoff was informed on February 20, 2008,



ORIGINAL

by his Unit Manager at the Metropolitan Correctional Center, San Diego, California, Mr. Richmond, that he had been designated to an institution "far away" from the institutions recommended by Judge Sabraw. Further, Mr. Richmond informed Mr. Mincoff that the computer records relating to his designation reflected an alleged connection to the Mexican Mafia, but also indicated that Mr. Mincoff's security classification was low, low.

Although the Presentence Report prepared by the probation department for the Southern District of California accurately reflects that Mr. Mincoff "had no ties to the Mexican Mafia, other than his drug dealings with Munoz," this information does not appear until the 11th page of the Presentence Report, at page 3, lines 6-7.

Moreover, Alex Araujo (Register No. 99576-198), a defendant in a related case to that of Mr. Mincoff's (Case No. 06CR1242-DMS) has been sent to FCI Terminal Island for service of the 120 month sentence imposed upon him by Judge Sabraw for conspiracy to distribute methamphetamine. Interestingly, Mr. Araujo is a documented member/affiliate of the Mexican Mafia.

U.S. Bureau of Prisons Program Statement No. P5100.08, Chapter 3, page 3, subsection (g) effective September 12, 2006, provides in pertinent part:

> In accordance with Rule 38(b) of the Federal Rules of Criminal Procedure, when the court of conviction recommends that the inmate be retained in a place of confinement which will allow the inmate to participate in the preparation of the appeal, the Bureau will make every effort to place the inmate in such a facility. If a reason exists for not placing the inmate in that facility, the matter is called to the attention of the court and an attempt is made to arrive at an acceptable place of confinement.

Mr. Mincoff wishes to actively participate in the selection and briefing of the issues to be raised in his appeal. His notice of appeal was filed and the filing fee paid on February 1, 2008, the same day that sentence was imposed by Judge Sabraw. Mr. Mincoff's transcript designation

and ordering form was filed with the court and served on the court reporter and prosecutor on February 5, 2008. On February 19, 2008, the United States Court of Appeals for the Ninth Circuit assigned Mr. Mincoff's appeal Docket No. 08-50058. The order for time schedule issued by Deputy Clerk Lauren Hammer of the District Court calls for the Reporter's Transcript to be filed on or before March 26, 2008, and Appellant's Opening Brief to be filed on or before May 5, 2008.

Should Mr. Mincoff be housed at a location distant from San Diego, it will be very difficult for him to meaningfully participate in the appellate process with his appellate counsel, Charles M. Sevilla, Esq., and the undersigned, because of the prohibitive expense associated with paying for the travel of his attorneys to such a distant location to meet and confer with Mr. Mincoff regarding his appeal. Judge Sabraw implicitly recognized Mr. Mincoff's extremely limited financial resources by declining to impose the $17,500.00 fine recommended by the probation officer in the Presentence Report (PSR, p.15, ll.29-34).

Even though the Bureau of Prisons Program Statement excerpted above, provides that "If a reason exists for not placing the inmate in that facility, the matter is called to the attention of the court and an atempt is made to arive at an acceptable place of confinement," no such contact has taken place in this case.

## LEGAL DISCUSSION

A convicted prisoner may challenge his place of confinement designated by the Bureau of Prisons. Since this is an attack upon the execution of the sentence, it is congnizable under 28 U.S.C. § 2241. *United States v. Hutchings*, 835 F.2d 185, 188 (8th Cir. 1987). An action seeking a particular designation of place of confinement is properly brought under section 2241. *United States v. Jalili,* 925 F.2d 889, 893-894 (6th Cir. 1991.)

The Supreme Court has long recognized that a federal agency is obliged to abide by the regulations it promulgates. *See Vitarelli v. Seaton*, 359 U.S. 535, 545 (1959); *Service v. Dulles*, 354 U.S. 363, 372 (1957); *Accardi v. Shaughnessy*, 347 U.S. 260, 267

(1954). Where a prescribed procedure is intended to protect the interests of a party before the agency, "even though generous beyond the requirements that bind such agency, that procedure must be scrupulously observed." *Vitarelli*, 359 U.S. at 547 (Frankfurter, J., concurring). In *Sameena Inc. v. United States Air Force*, 147 F.3d 1148, 1153 (9th Cir.1998), the court recognized that an agency's failure to follow its own regulations may violate due process where a procedure is intended to protect the interest of a party before the agency.

Due process guarantees a criminal defendant a constitutional right to counsel for his first appeal, *Douglas v. California*, 372 U.S. 353, 357-58 (1963), and that right encompasses the right to effective assistance of counsel on appeal, *Evitts v. Lucey*, 469 U.S. 387, 396-400 (1985).

The failure to follow the trial court's recommendation that Petitioner be placed in confinement close to his appellate counsel without notifying the trial judge and attempting to accommodate his request thus violates Petitioner's right to due process of law under the Fifth Amendment, and his right to effective assistance of counsel under the Fifth and Sixth Amendments to the United States Constitution.

**CONCLUSION**

For the foregoing reasons, Petitioner respectfully urges this Court to require the Bureau of Prisons to attempt to accommodate the Court's judicial recommendation for designation of the place of Petitioner's confinement in accordance with Program Statement P5100.08.

DATED: March 19, 2008

Respectfully submitted,

MICHAEL J. MCCABE
Attorney for Defendant
JAMES MINCOFF