KAREN P. HEWITT
United States Attorney
TODD W. ROBINSON
Assistant U.S. Attorney
California State Bar No. 199888
Office of the U.S. Attorney
940 Front Street, Room 6293
San Diego, California 92101-8800
Telephone: (619) 557-7034
E-Mail: Todd.Robinson@usdoj.gov
Attorneys for Respondents

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MINCOFF,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL B. MUKASEY, Attorney General of the United States;<br><br>PAULA M. JARNECKE, Warden, Metropolitan Correctional Center, San Diego;<br><br>LISA AUSTIN, Operations Manager, Designations Section, US BOP.<br><br>Respondent(s). | No. CV 08-0524-DMS-NLS<br><br>RETURN TO HABEAS PETITION PURSUANT TO 28 U.S.C. § 2241 |

**I**

**INTRODUCTION**

The United States of America, by and through its counsel, Assistant United States Attorney Todd Robinson, hereby files this Return to Petitioner James Mincoff's Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241, as ordered by the Court in its August 11, 2008, order.

Petitioner, James Mincoff, Register Number 24240-198, is

currently serving a 240-month term of imprisonment following his conviction in the Southern District of California for conspiracy to distribute cocaine, attempted distribution of cocaine, and unlawful use of a communication facility. At the time of sentencing, the district court recommended that the Bureau of Prisons ("BOP") designate Petitioner to a federal correctional institution at either Terminal Island or Lompoc, California, to apparently facilitate the filing of an appeal.

Shortly after sentencing, the BOP in Grand Prairie, Texas, received the Judgement and Commitment Order along with his presentence investigation. At the time of his designation, Petitioner was classified as a Low-Security Level inmate with a Public Safety Factor due to his sentence length. His initial designation was reviewed and all security measures were taken utilizing Federal Bureau of Prisons Program Statement 5100.08, Inmate Security Designation and Custody Classification and consistent with the statutory authority contained in 18 U.S.C § 3621(b).

Inmate Mincoff was designated to FCI Loretto, Pennsylvania, on February 8, 2008. Due to an administrative oversight, the BOP did not immediately notify the court of its inability to comply with the recommendation.[1] On March 26, 2008, the BOP informed

---

[1] In accordance with Rule 38(b) of the Federal Rules of Criminal Procedure, when the court of conviction recommends that the inmate be retained in a place of confinement which will allow the inmate to participate in the preparation of the appeal, the BOP makes every effort to place the inmate in such a facility. However, if a reason exists for not placing the inmate in that facility, the matter is called to the attention of the court. See Program Statement 5100.08, Inmate Security Designation and Custody Classification, Chapter 3, Page 3.

the District Court that due to security concerns, the agency was unable to comply with the judicial recommendation. Although Petitioner has been designated to another facility, as of this writing, he remains confined at the Metropolitan Correctional Center in San Diego, California.

As relief, Petitioner seeks that the Court require the BOP to accommodate the judicial recommendation concerning his designation. As set forth below, Petitioner's claim is moot. Moreover, even if his claim were not moot, Petitioner would not be entitled to the relief he requests.

## II

## ARGUMENT

### A. Petitioner's Claim Is Moot

Petitioner requests court-ordered placement in either FCI-Lompoc or Terminal Island so that he may "meaningfully participate in the appellate process" by being involved in the "selection and briefing of the issues to be raised in his appeal." See Mincoff Petition at pp. 2-3. On June 4, 2008, Petitioner filed his appeal with the Ninth Circuit.[2] Petitioner has therefore already obtained the relief requested in his petition because he has been continuously housed at the San Diego MCC during the time period in which his appeal was prepared and filed. His habeas claim is therefore moot.

### B. Inmates Have No Right to Be Housed In a Particular Prison

Ordinarily, the Bureau of Prisons (BOP) may transfer an inmate from one prison to another, at any time and for any

---

[2] The Government filed its answering brief on August 8, 2008. If he chooses to file a reply brief, it will be due on September 5, 2008.

reason, and the inmate is not entitled to notice or a hearing concerning the movement. 18 U.S.C. § 4082(b); Grayson v. Rison, 945 F.2d 1064, 1067 (9th Cir. 1991); Ward v. United States Parole Comm'n, 804 F.2d 64, 65 (7th Cir. 1986). Inmates have no right to be housed in a particular institution. Montayne v. Haymes, 427 U.S. 236 (1978).

Furthermore, the Supreme Court has made clear that, in evaluating detention conditions, the federal courts must not substitute their judgment for that of jail officials: "In determining whether restrictions or conditions are reasonably related to the Government's interest in maintaining security and order and operating the institution in a manageable fashion, courts must heed our warning that such considerations are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts ordinarily should defer to their expert judgment in such matters." Bell v. Wolfish, 441 U.S. 520, n.23 (1979); see also Mauro v. Arpaio, 188 F.3d 1054, 1058 (9th Cir. 1999) (en banc) ("Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government.").

Petitioner argues that the BOP's failure to comply with its own policy concerning his designation violates his due process rights. However, the BOP did notify the Court of its inability to comply with the judicial recommendation and the reasons why.

Regardless, even if the BOP *had* violated such policies, it would not equate to a violation of Petitioner's due process rights. In Sandin v. Conner, 515 U.S. 472, 484 (1995), the Court held that while prison regulations and policies may create liberty interests, these interests will generally be limited to freedom from restraint. The focus of the liberty interest inquiry should be based on the nature of the deprivation, as opposed to the language of a particular regulation. Id. To hold otherwise would encourage prisoners to "comb regulations" in search of violations on which to base entitlements to various agency-conferred privileges. Id. Such guidelines and regulations are not set forth solely to benefit the prisoners but also serve the purpose of instructing employees and avoiding different treatment of similar incidents. Id. at 482.

In this case, Petitioner fails to allege he suffered any "atypical and significant hardship" resulting from the alleged noncompliance of BOP policy. In what appears to be an apparent effort to remain at MCC San Diego, Petitioner has merely read through the policy in search of procedural technicalities on which to base a due process claim. These allegations, however, do not constitute a constitutional violation.

**C. Petitioner Failed To Exhaust His Administrative Remedies.**

The instant petition for habeas corpus should be dismissed because Petitioner has failed to exhaust all available administrative remedies. The failure to exhaust administrative remedies is an appropriate basis for dismissal of a petition for writ of habeas corpus. See Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); see also Ruviwat v. Smith, 701 F.2d 844,

844-45 (9th Cir. 1983) (per curiam).

The Prisoner Litigation Reform Act ("PLRA") also provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, *or any other Federal Law*, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." (Emphasis added) 42 U.S.C. § 1997e(a).[3] The Supreme Court explained the purpose behind the PLRA's exhaustion requirement:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might "filter out some frivolous claims." And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

Porter, 122 S.Ct. at 988 (citations omitted). Accordingly, there are broad-reaching reasons why exhaustion is required before filing a lawsuit challenging prison conditions.

Allowing Petitioner to avoid exhaustion by assuming the BOP will deny him requested relief will create an exception to the PLRA where none is allowed. See Porter, 122 S.Ct. at 990-91 (holding there are no more distinctions between exhausting

---

[3] The PLRA exhaustion statute includes habeas petitions. See Porter v. Nussle, 122 S.Ct. 983, 992 ("[W]e hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life. . . ."); see also id. at 989 ("[W]hen the relevant section is read in its entirety, it suggests that Congress intended to authorize the nonconsensual reference of all prisoner petitions to a magistrate.") Id.

ongoing conditions versus specific acts). Petitioner has not filed a single request for administrative remedy. As result, this habeas petition should be dismissed.

The BOP's Administrative Remedy Program for inmates is set out in the Code of Federal Regulations Title 28, Sections 542.10-.19. These procedures include a process whereby inmates may seek formal review of any aspect of their confinement. 28 C.F.R. § 542.10.

Here, BOP records show that Petitioner has failed to exhaust his administrative remedies with respect to the issues raised in his petition. In fact, Petitioner has not filed any administrative remedy requests concerning this or any other issue. At this time, all levels of the administrative remedy process remain open to Petitioner.

The exhaustion requirement is designed to allow the administrative agency to develop a factual record, apply its expertise, and correct its own errors, thereby avoiding unnecessary judicial intervention. Ruviwat, 701 F.2d at 845. Petitioner should not be permitted to simply ignore this requirement and the legitimate concerns upon which it is based. Rather, the court should dismiss the petition without prejudice and require Petitioner to exhaust his administrative remedies with the BOP before refiling.

\\

\\

\\

\\

\\

**III**

**CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court deny Petitioner's habeas corpus petition, filed pursuant to 28 U.S.C. § 2241.

Date: August 29, 2008

KAREN P. HEWITT
United States Attorney

_/s/ Todd W. Robinson_______________
TODD W. ROBINSON
Assistant U.S. Attorney