MICHAEL J. McCABE
California Bar No. 54078
2442 Fourth Avenue
San Diego, CA 92101
Telephone (619) 231-1181
Fax (619) 232-6052

Attorney for Petitioner
**JAMES MINCOFF**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(Hon. Dana M. Sabraw)

| | |
|---|---|
| JAMES MINCOFF,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL B. MUKASEY,<br>Attorney General of the United States;<br><br>PAULA M. JARNECKE,<br>Warden, Metropolitan Correctional Center, San Diego;<br><br>LISA AUSTIN,<br>Operations Manager,<br>Designations Section,<br>United States Bureau of Prisons.<br><br>Respondents. | Civil No. 08-CV-0524-DMS<br><br>**PETITIONER'S REPLY TO GOVERNMENT'S RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS [28 USC § 2241]** |

TO: KAREN P. HEWITT, UNITED STATES ATTORNEY, AND TO TODD W. ROBINSON, ASSISTANT UNITED STATES ATTORNEY:

The defendant, James Mincoff, by and through his counsel, Michael J. McCabe, and pursuant to this Court's Order of August 11, 2008 (DOC. 9), in the above-entitled case, hereby submits his reply to the government's response to his petition for writ of habeas corpus filed pursuant to the provisions of 28 USC § 2241 on March 20, 2008.

**PETITIONER'S CLAIM IS NOT MOOT**

In its response, the government initially asserts that petitioner's claim is moot because he only requested placement in either FCI Lompoc or Terminal Island so that he could "meaningfully participate in the appellate process" by being involved in the "selection and briefing of the issues to be raised in his appeal." (Response, p. 3, ll. 14-18). The government maintains that since appellant's reply brief is to be filed on or before September 5, 2008, the briefing will be complete as of that date, and petitioner will have had the opportunity to participate in the briefing process which he requested. [1] In reality, as a fair reading of the legal memorandum filed in support of the petition indicates, petitioner's wish to meaningfully participate in the appellate process was not limited to the selection and briefing of the issues to be raised in his appeal as the government maintains. Rather, his desire to meaningfully participate in the appellate process encompasses the entirety of that process, through the filing of a petition for rehearing and suggestion for rehearing en banc under the provisions of Rules 35(b) and 40, Federal Rules of Appellate Procedure.

Moreover, this Court, itself, recognized and correctly interpreted the request to be all-encompassing. On page 2 of the Amended Judgment (DOC. 216) filed on February 12, 2008, the Court specifically recommended that, "Defendant be designated to FCI Terminal Island during the pendency of any appeal. If defendant is found to be ineligible for Terminal Island, then the Court recommends placement at FCI Lompoc in the alternative." [emphasis added]. Since, as the government concedes, petitioner's case is currently pending on appeal before the Ninth Circuit, this claim is clearly not moot as the government asserts.

[1] The government mis-cites the source of its quoted language as coming from the "Mincoff Petition at pp. 2-3." In reality, the quoted language appears at pp. 2-3 of Petitioner's Memorandum of Law in Support of Petition for Writ of Habeas Corpus filed concurrently with the petition, not the petition itself.

**PETITIONER IS ENTITLED TO DEMAND THAT THE BUREAU OF PRISONS FOLLOW ITS OWN REGULATIONS, WHICH IT HAS FAILED TO DO**

The government next asserts, under the heading, "Inmates Have No Right to be Housed in a Particular Prison," that the Bureau of Prisons did comply with its regulation dealing with judicial recommendations for prisoner placement made pursuant to the provisions of Rule 38(b), Federal Rules of Criminal Procedure. In that regard, the government claims that the BOP "did notify the Court of its inability to comply with the judicial recommendation and the reasons why." (Response, p.4, ll.27-28). Petitioner maintains, in response, that even if this assertion is true, [2] the BOP's obligation under its regulation is not satisfied by such a report to the Court. Rather, the relevant portion of BOP Program Statement No. P5100.08 found at Chapter 3, p.3, subsection (g), reads, "If a reason exists for not placing the inmate in that facility, the matter is called to the attention of the court and an attempt is made to arrive at an acceptable place of confinement." [emphasis added]. Here, the government no where asserts that any such attempt was made to accommodate this Court's recommendation by attempting to find an alternative "acceptable place of confinement." Accordingly, the conclusion is inescapable that the BOP failed to comply with its own regulation here.

The government alternatively claims, however, that even if the BOP had violated its own "policies," such a violation would not constitute a violation of petitioner's due process rights. (Response, p.5, ll. 1-2). The government then cites Sandin v. Conner, 515 U.S. 472, 484 (1995), in support of this contention. An examination of that case, however, reveals that it is totally inapposite. In Sandin, the Supreme Court held that procedural due process did not require the State of Hawaii to permit a prisoner subjected to a misconduct hearing to call witnesses at that hearing. Significantly, in Sandin, there was no written regulation granting the inmate this right. Rather, the lower court, the Ninth Circuit, had decided that this right was one of the safeguards

---

[2] Even though the Court's Order directing the government to respond (DOC. 9) directs that its response "shall include all documents relevant to the issues raised in the petition," no such supporting documentation for the government's claim was submitted with its response.

guaranteed to the plaintiff under the provisions of Wolff v. McDonnell, 418 U.S. 539 (1974). Id. at 475-477. The Supreme Court reversed this decision, holding that punitive segregation for serious misconduct did not implicate a constitutional liberty interest giving rise to a right to call witnesses at the disciplinary hearing. Id. at 485-86. "We hold that Conner's discipline in solitary confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." Id. at 486.

In the instant case, by contrast, petitioner maintains that the BOP failed to follow the provisions of its own written policy statement - P5100.08. As the Ninth Circuit noted in Sameena, Inc., v. U.S. Air Force, 147 F.3d 1148, 1153 (9th Cir. 1998), "An agency's failure to follow its own regulations 'tends to cause unjust discrimination and deny adequate notice' and consequently may result in a violation of an individual's constitutional right to due process. NLRB v. Welcome-American Fertilizer Co. 443 F.2d 19, 20 (9th Cir. 1971); see also, United States v. Newell, 578 F.2d 827, 834 (9th Cir. 1978). Where a prescribed procedure is intended to protect the interests of a party before the agency, 'even though generous beyond the requirements that bind such agency, that procedure must be scrupulously observed.'" No such scrupulous observation occurred here, compelling the conclusion that petitioner's due process rights were indeed violated.

**PETITIONER HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES**.

Finally, the government maintains that petitioner is barred from proceeding due to his failure to exhaust his administrative remedies. The attached exhibits, however, belie this contention.

On February 27, 2008, petitioner, by counsel, authored a letter to Ms. Lisa Austin, Operations Manager, Designations Section of the United States Bureau of Prisons setting forth his request that the Bureau of Prisons reconsider its designation decision, and comply with the provisions of Program Statement P5100.08. A copy of that letter, with attachments, is appended

hereto as Exhibit A. Further, a follow-up e-mail to Ms. Austin was sent by petitioner's counsel on March 6, 2008, identifying additional erroneous information upon which the designation decision may have been based, and requesting, once again, that the designation decision be reconsidered. Exhibit B.

As these documents unequivocally demonstrate, the claim which is the subject of the petition was promptly and completely submitted to the BOP official responsible for acting upon these matters, Ms. Austin, approximately three weeks prior to the filing of the petition on March 20, 2008. Neither Ms. Austin, nor any other official from the Bureau of Prisons, however, replied to the letter and e-mail forwarded by petitioner's counsel to them. Given this state of the record, the government's claim that petitioner failed to exhaust his administrative remedies is clearly without merit.

## CONCLUSION

For the foregoing reasons, this Court should grant the petition, and direct the Bureau of Prisons to comply with the relevant portions of Program Statement P5100.08 by either honoring this Court's judicial recommendation under Rule 38(b), Federal Rules of Criminal Procedure, or by finding an alternative acceptable place of confinement as the program statement requires.

DATED: September 4, 2008

Respectfully submitted,

S/Michael J. McCabe
MICHAEL J. MCCABE
Attorney for Defendant
JAMES MINCOFF