# EXHIBIT A

James Mincoff, Petitioner
v.

Civil Case No: 08-CV-0524-DMS

Michael B. Mukasey,
Attorney General of the United States;

Paula M. Jarnecke,
Warden, Metropolitan Correctional Center, San Diego

Lisa Austin
Operations Manager
Designation Section,
United States Bureau of Prisons

## TABLE OF CONTENTS


| DESCRIPTION OF DOCUMENT | PAGE No. |
|---|---|
| Letter dated 2/27/08 to MS. Lisa Austin, Operations Manager of the U.S. Bureau of Prisons in Grand Prairie, Texas | 1-3 |
| Authorization for the Release of Information | 4 |
| Amended Judgment in a Criminal Case | 5-8 |
| Addendum to the Presentence Report | 9, 10 |
| Express Mail Receipt re Letter dated 2/27/08 to Lisa Austin | 11 |

**MICHAEL J. McCABE**
Attorney at Law
2442 Fourth Avenue, San Diego, CA 92101-1609
(619) 231-1181 • Fax: (619) 232-6052
Email: Mccabeatty@AOL.com

February 27, 2008

VIA EXPRESS MAIL-CERTIFIED
Ms. Lisa Austin
Operations Manager
Designations Section
US Armed Forces Reserve Complex
346 Marine Forces Drive
Grand Prairie, TX 75051

RE: DESIGNATION OF JAMES MINCOFF, REG. NO. 24240-198;
CASE No. 06CR1241-DMS (SOUTHERN DISTRICT OF CALIFORNIA)

Dear Ms. Austin:

Please consider this letter in connection with the institutional designation for the above-referenced federal inmate, James Mincoff, whose Authorization for the Release of Information to me accompanies this letter. Mr. William Sterner of the DSCC suggested that I contact you regarding this matter.

On February 1, 2008, Mr. Mincoff was sentenced to 240 months (20 years-10 year minimum mandatory enhanced due to a prior conviction) in custody as a result of his convictions, after jury trial, in the above-referenced case, by Hon. Dana M. Sabraw, in the United States District Court for the Southern District of California at San Diego, California. As the enclosed Amended Judgment in a Criminal Case reflects, Judge Sabraw, pursuant to Rule 38(b), Federal Rules of Criminal Procedure, recommended that Mr. Mincoff be designated to FCI-Terminal Island, California, during the pendency of his appeal of the judgment and sentence imposed. Judge Sabraw alternatively recommended placement at FCI-Lompoc, California, if Mr. Mincoff was found to be ineligible for placement at Terminal Island. Notwithstanding this recommendation, Mr. Mincoff was informed last Wednesday, February 20, 2008, by his Unit Manager at the Metropolitan Correctional Center, San Diego, California, Mr. Richmond, that he had been designated to an institution "far away" from the institutions recommended by Judge Sabraw. Further, Mr. Richmond informed Mr. Mincoff that the computer records relating to his designation reflected an alleged connection to the Mexican Mafia, but also indicated that Mr. Mincoff's security classification was low, low. The purpose of this letter is to correct any erroneous conclusion that Mr. Mincoff was affiliated, in any way, with the Mexican Mafia, and to request reconsideration of the designation decision placing Mr. Mincoff in an institution other than FCI-Terminal Island.

\

---

Although the Presentence Report prepared by the probation department for the Southern District of California accurately reflects that Mr. Mincoff "had no ties to the Mexican Mafia, other than his drug dealings with Munoz," this information does not appear until the 11th page of the Presentence Report, at page 3, lines 6-7. A copy of that relevant page of the Presentence Report is also enclosed for your reference. Although that page is designated as page 3, it actually appears on the 11th page of the report as the cover page (unnumbered) and pages i thru vii precede the numbered pages of the report. If your designation decision was influenced by the misimpression that Mr. Mincoff was somehow affiliated with the Mexican Mafia, I respectfully request that you reconsider your decision and re-designate Mr. Mincoff to FCI-Terminal Island.

I have recently confirmed, however, that Alex Araujo (Register No. 99576-198), a defendant in a related case to that of Mr. Mincoff's (Case No. 06CR1242-DMS) has been sent to FCI Terminal Island for service of the 120 month sentence imposed upon him by Judge Sabraw for conspiracy to distribute methamphetamine. Interestingly, Mr. Araujo is a documented member/affiliate of the Mexican Mafia. Given this circumstance, I do not understand why Judge Sabraw's recommendation pursuant to Rule 38(b) was not followed.

Also of significance is the fact, confirmed by the enclosed copy of the Addendum to the Presentence Report ordered by Judge Sabraw, that Mr. Mincoff returned from Mexico to voluntarily surrender to the Court as soon as he learned of the indictment pending against him in this case.

As I am sure you are aware, U.S. Bureau of Prisons Program Statement No. P5100.08, Chapter 3, page 3, subsection (g) provides in pertinent part:

> In accordance with Rule 38(b) of the Federal Rules of Criminal Procedure, when the court of conviction recommends that the inmate be retained in a place of confinement which will allow the inmate to participate in the preparation of the appeal, the Bureau will make every effort to place the inmate in such a facility. If a reason exists for not placing the inmate in that facility, the matter is called to the attention of the court and an attempt is made to arrive at an acceptable place of confinement.

Mr. Mincoff wishes to actively participate in the selection and briefing of the issues to be raised in his appeal. His notice of appeal was filed and the filing fee paid on February 1, 2008, the same day that sentence was imposed by Judge Sabraw. Mr. Mincoff's transcript designation and ordering form was filed with the court and served on the court reporter and prosecutor on February 5, 2008. On February 19, 2008, the United States Court of Appeals for the Ninth

---

Circuit assigned Mr. Mincoff's appeal Docket No. 08-50058. The order for time schedule issued by Deputy Clerk Lauren Hammer of the District Court calls for the Reporter's Transcript to be filed on or before March 26, 2008, and Appellant's Opening Brief to be filed on or before May 5, 2008.

Should Mr. Mincoff be housed at a location distant from San Diego, it will be very difficult for him to meaningfully participate in the appellate process with his appellate counsel, Charles M. Sevilla, Esq., and the undersigned, because of the prohibitive expense associated with paying for the travel of his attorneys to such a distant location to meet and confer with Mr. Mincoff regarding his appeal. Judge Sabraw implicitly recognized Mr. Mincoff's extremely limited financial resources by declining to impose the $17,500.00 fine recommended by the probation officer in the Presentence Report (PSR, p.15, ll.29-34). Because of these circumstances, it is respectfully submitted that this is an appropriate case for following Judge Sabraw's judicial recommendation under Rule 38(b), (F.R.Cr.P.), and reconsideration of your designation decision is respectfully requested.

Should you require any further information or documentation regarding anything which may have affected your decision not to follow Judge Sabraw's judicial recommendation, I will be more than happy to provide it.

Very truly yours,

MICHAEL J. MCCABE
Attorney for James Mincoff

Enclosure

**MICHAEL J. McCABE**
Attorney at Law
2442 Fourth Avenue, San Diego, CA 92101-1609
(619) 231-1181 • Fax: (619) 232-6052
Email: Mccabeatty@AOL.com

## AUTHORIZATION FOR THE RELEASE OF INFORMATION

To Whom It May Concern:

I, James Robert Mincoff, (DOB: 12-12-58) (Register No. 24240-198) hereby authorize and request that all legal, medical, social service, juvenile, educational, school, detention, employment, volunteer work, psychological and psychiatric, H.I.V., alcohol and drug dependency, and mental health records and information concerning me be released to attorney Michael J. McCabe, or his investigators.

In the case of medical and/or hospital, and/or clinic records, I authorize and request that all information concerning medical treatment be released to this attorney or his investigators. This includes, but is not limited to, records of emergency clinic or emergency room treatment, records of psychiatric or psychological treatment including, but not limited to the results of psychometric assessments, records of medication and prescriptions, surgical and operative room records, and doctors and nurses notes of treatment, H.I.V. terms, and alcohol and drug dependency records.

You are released from the responsibility of keeping such records and information confidential insofar and only insofar as the attorney and his investigators are concerned. This attorney and his investigators are authorized to use such records and information as they see fit.

DATED: February 22, 2008

JAMES ROBERT MINCOFF

4

AO 245B (Rev. 9/00) Judgment in a Criminal Case
Sheet 1

FILED
2008 FEB 12 AM 11:22
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY [signature] DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
v.
JAMES MINCOFF (3)

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 06CR1241-DMS

Michael J McCabe RET
Defendant's Attorney

REGISTRATION NO. 24240198

☒ Correction of Sentence for Clerical Mistake. Amending recommendation to Bureau of Prisons on page 2.

THE DEFENDANT:
☐ pleaded guilty to count(s) ______
☒ was found guilty on count(s) 1 through 4 of the Superseding Indictment
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 21 USC 846, 841(a)(1), 841(b)(1)(A)(ii) | CONSPIRACY TO DISTRIBUTE COCAINE | 1S |
| 21 USC 846, 841(a)(1) 841(b)(1)(A)(ii) | ATTEMPTED DISTRIBUTION OF COCAINE | 2S |
| 21 USC 843(b) | UNLAWFUL USE OF A COMMUNICATION FACILITY | 3S, 4S |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ______
☒ Count(s) in underlying Indictment is ☒ are ☐ dismissed on the motion of the United States.
☒ Assessment: $400.00.

☒ Fine waived. ☐ Property forfeited pursuant to order filed ______, included herein.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

FEBRUARY 1, 2008
Date of Imposition of Sentence

[signature]
HON. DANA M. SABRAW
UNITED STATES DISTRICT JUDGE

Entered Date:

06CR1241-DMS

5

AO 245B (Rev. 9/00) Judgment in Criminal Case
Sheet 2 — Imprisonment



DEFENDANT: JAMES MINCOFF (3)
CASE NUMBER: 06CR1241-DMS

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of

TWO HUNDRED FORTY (240) MONTHS calculated as follows: Two Hundred Forty (240) Months as to each of Counts 1s and 2s, concurrently; Ninety-Six (96) Months as to each of Counts 3s and 4s, concurrently, and to run concurrent to Counts 1s and 2s.

☒ The court makes the following recommendations to the Bureau of Prisons:

Defendant be designated to FCI Terminal Island during the pendency of any appeal. If defendant is found to be ineligible for Terminal Island, then the Court recommends placement at FCI Lompoc in the alternative.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at __________ ☐ a.m. ☐ p.m. on __________ .

as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before __________

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on __________ to __________

at __________ , with a certified copy of this judgment.

__________
UNITED STATES MARSHAL

By __________
DEPUTY UNITED STATES MARSHAL

DEFENDANT: JAMES MINCOFF (3)
CASE NUMBER: 06CR1241-DMS

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

TEN (10) YEARS as to each of Counts 1s and 2s, THREE (3) YEARS as to each of Counts 3s and 4s, all to run concurrently.

## MANDATORY CONDITIONS

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

The defendant shall cooperate as directed in the collection of a DNA sample, pursuant to 18 USC 3583(d).

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court . The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 9/00) Judgment in a Criminal Case
Sheet 3 — Continued 2 — Supervised Release



DEFENDANT: JAMES MINCOFF (3)
CASE NUMBER: 06CR1241-DMS

## SPECIAL CONDITIONS OF SUPERVISION

- [x] Not possess any firearm, explosive device or other dangerous weapon.
- [x] Submit to a search of person, property, residence, abode or vehicle, at a reasonable time and in a reasonable manner, by the probation officer.
- [ ] The defendant shall violate no laws, federal, state and local, minor traffic excepted.
- [ ] If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States; supervision waived upon deportation, exclusion, or voluntary departure.
- [ ] Not transport, harbor, or assist undocumented aliens.
- [ ] Not associate with undocumented aliens or alien smugglers.
- [ ] Not reenter the United States illegally.
- [x] Not enter or reside in the Republic of Mexico without written permission of the Court or probation officer.
- [x] Report all vehicles owned or operated, or in which you have an interest, to the probation officer.
- [ ] Not possess any narcotic drug or controlled substance without a lawful medical prescription.
- [ ] Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.
- [ ] Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.
- [ ] Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.
- [ ] Participate in a mental health treatment program as directed by the probation office.
- [x] Provide complete disclosure of personal and business financial records to the probation officer as requested.
- [x] Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.
- [ ] Seek and maintain full time employment and/or schooling or a combination of both.
- [ ] Resolve all outstanding warrants within days.
- [ ] Complete hours of community service in a program approved by the probation officer within
- [ ] Reside in a Community Corrections Center (CCC) as directed by the probation officer for a period of
- [ ] Reside in a Community Corrections Center (CCC) as directed by the Bureau of Prisons for a period of commencing upon release from imprisonment.
- [ ] Remain in your place of residence for a period of , except while working at verifiable employment, attending religious services or undergoing medical treatment.
- [ ] Not engage in any form of telemarketing, as defined in 18 USC 2325, without the written permission of the probation officer.
- [ ] Comply with the conditions of the Home Confinement Program for a period of months and remain at your residence except for activities or employment as approved by the court or probation officer. Wear an electronic monitoring device and follow procedures specified by the probation officer. Pay the total cost of electronic monitoring services, or a portion if deemed appropriate by the probation officer.
- [ ] Participate in a program of drug or alcohol abuse treatment, including urinalysis testing and counseling, as directed by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.



8

Assistant U.S. Attorney | Defense Counsel
Todd Robinson | Michael J. McCabe

ORIGINAL

## ADDENDUM TO THE PRESENTENCE REPORT

**In the Matter of James MINCOFF**
**Docket No. 06CR01241-003-DMS**

**Date: February 1, 2008**
**Time: 10:30 a.m.**

Sentencing for the defendant occurred on the above date and time. At sentencing, defense counsel requested additional information be added to the presentence report reflecting Mr. Mincoff self-surrendered on July 5, 2006, shortly after learning of the indictment filed against him in this matter. The indictment was filed on June 6, 2006. The court ordered the information be added by way on this addendum, and it is therefor respectfully submitted.

**CERTIFIED BY:**

**KENNETH O. YOUNG**
**CHIEF PROBATION OFFICER**

**By:** [signature]

**Kelly Palmer**
**U.S. Probation Officer**

**Reviewed and Approved:**

[signature]

**Janice Boone**
**Supervising U.S. Probation Officer**
**Date: February 1, 2008**
**/kap**

9

According to the FBI case agents, MUNOZ obtained large quantities of cocaine and methamphetamine from VEGA, who was in Mexico. VEGA is described as a high-ranking member of the Mexican Mafia. MUNOZ is described as an associate of the Mexican Mafia and a member of a Fallbrook street gang. MINCOFF met MUNOZ in or around 2004 through MINCOFF's limousine business which eventually led MINCOFF to purchase five kilograms of cocaine from MUNOZ in 2004. MINCOFF is described as a drug broker who had no ties to the Mexican Mafia, other than his drug dealings with MUNOZ. Although the case agent referred to MINCOFF as a drug broker in this case, he stated that MINCOFF most likely had his own customers that he further distributed the cocaine to.

A year after purchasing cocaine from MUNOZ in 2004, MINCOFF contacted MUNOZ by telephone and tried to broker a deal for six kilograms of cocaine. The agent stated there is taped evidence showing MINCOFF made comments about wanting to do "the same deal" for the "same price as last time." He made statements about having customers in Northern California that liked the quality of cocaine from the first deal. The case agent explained that when VEGA was unable to come up with six kilograms, MINCOFF attempted to lower his order by a kilogram each time he talked with MUNOZ. Subsequent taped conversations between MINCOFF and MUNOZ revealed that MINCOFF ended up obtaining his cocaine order from "another source." However, his customer was reportedly not happy with the quality from the other source, so MINCOFF wanted to do business with MUNOZ again. Hence began the renegotiating between MINCOFF and MUNOZ for another load of cocaine.

The AUSA concurred with the case agent's comments about the defendant's involvement in this case. He described MINCOFF as a "middleman" who, regardless of the fact he had his own customers, was involved in this conspiracy to distribute cocaine by buying it from one person and selling it to another for further distribution. Lastly, the AUSA informed that MINCOFF did not make any post-arrest statements, or take the stand at trial.

The defendant's primary attorney, Michael J. McCabe, was contacted during the probation interview. He briefly stated that MINCOFF would not be making any statements about the case because they are planning to appeal the verdict, based on the fact the offense is was a "buyer-seller agreement," not a conspiracy to distribute. Counsel also indicated there is question as to the attempt to obtain the cocaine because there were never any steps taken to obtain or further distribute. Lastly, counsel stated MINCOFF's prior drug conviction is not countable, specifically in order to enhance the defendant's statutory penalties in this case.

**Defendant's Statement of the Offense**

The defendant was interviewed at the Western Region Detention Facility (WRDF) in San Diego, California, on September 21, 2007. At the advice of his counsel, MINCOFF declined to make any statement about the offense or the extent of involvement.

10

ED 447836605 US

**EXPRESS MAIL**
UNITED STATES POSTAL SERVICE®

**Customer Copy**
Label 11-B, March 2004

**Post Office To Addressee**

**ORIGIN (POSTAL SERVICE USE ONLY)**

| | | |
|---|---|---|
| PO ZIP Code: 92101 | Day of Delivery: ☒ Next ☐ 2nd ☐ 2nd Del. Day | Postage: $ 16.25 |
| Date Accepted: 02 28 08 (Mo. Day Year) | Scheduled Date of Delivery: Month 02/29 Day | Return Receipt Fee: $ |
| Time Accepted: 0918 ☒ AM ☐ PM | Scheduled Time of Delivery: ☒ Noon ☐ 3 PM | COD Fee: $ / Insurance Fee: $ |
| | Military: ☐ 2nd Day ☐ 3rd Day | Total Postage & Fees: $ 16.25 |
| Flat Rate ☐ or Weight: 4 lbs. ozs. | Int'l Alpha Country Code | Acceptance Emp. Initials: CAF |

**DELIVERY (POSTAL USE ONLY)**

| | | |
|---|---|---|
| Delivery Attempt (Mo. Day) | Time ☐ AM ☐ PM | Employee Signature |
| Delivery Attempt (Mo. Day) | Time ☐ AM ☐ PM | Employee Signature |
| Delivery Date (Mo. Day) | Time ☐ AM ☐ PM | Employee Signature |

**CUSTOMER USE ONLY**

PAYMENT BY ACCOUNT
Express Mail Corporate Acct. No.

Federal Agency Acct. No. or
Postal Service Acct. No.

[redacted]

NO DELIVERY
☐ Weekend ☐ Holiday

Mailer Signature

FROM: (PLEASE PRINT) PHONE (619) 231-1181

Michael D. McCabe, Esq.
2442 Fourth Avenue
San Diego, CA 92101

TO: (PLEASE PRINT) PHONE ( )

Ms. Lisa Austin, OPer. MGR
Designation Section
US Armed Forces Reserve Complex
346 Marine Forces Drive
Grand Prairie TX

ZIP + 4 (U.S. ADDRESSES ONLY. DO NOT USE FOR FOREIGN POSTAL CODES.)

75051 +

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.

**FOR PICKUP OR TRACKING**
Visit **www.usps.com**
Call 1-800-222-1811

EMS

11