KAREN P. HEWITT
United States Attorney
TODD W. ROBINSON
Assistant U.S. Attorney
California State Bar No. 199888
Office of the U.S. Attorney
940 Front Street, Room 6293
San Diego, California 92101-8800
Telephone: (619) 557-7034
E-Mail: Todd.Robinson@usdoj.gov
Attorneys for Respondents

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MINCOFF,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL B. MUKASEY, Attorney General of the United States;<br><br>PAULA M. JARNECKE, Warden, Metropolitan Correctional Center, San Diego;<br><br>LISA AUSTIN, Operations Manager, Designations Section, US BOP.<br><br>Respondent(s). | No. CV 08-0524-DMS-NLS<br><br>RESPONSE TO PETITIONER'S REPLY |

**I**

**INTRODUCTION**

On September 5, 2008, Petitioner James Mincoff filed a pleading captioned "Petitioner's Reply To Government's Response To Petition For Writ Of Habeas Corpus" [hereinafter "Petitioner's Reply"]. In that pleading, Petitioner makes two assertions: (1) that his petition is not moot; and (2) that he has exhausted his

administrative remedies with the BOP. The Government's response to those assertions are set forth below.[1]

## II

## ARGUMENT

### A. Petitioner's Claim Is Moot

At the time of sentencing, in his February 27, 2008, letter to BOP employee Lisa Austin, and in his memorandum of law in support of his § 2241 petition, Petitioner Mincoff has consistently advanced a single argument as to why he should be incarcerated at a location close to his appellate counsel: to "meaningfully participate in the appellate process" by being involved in the "selection and briefing of the issues to be raised in his appeal." Petitioner concedes, as he must, that his appellate issues have already been selected and briefed. However, Petitioner now argues, for the first time, that "meaningful participation in the appellate process" includes the entire appellate process, including a possible petition for rehearing en banc. See Petitioner's Reply at p. 2, lines 8-14.

Petitioner argues that "a fair reading of the legal memorandum filed in support of his petition" supports his newly-articulated position. Id. A "fair reading" of the memorandum does nothing of the sort. In his memorandum, the one and only reason Petitioner gave for seeking court-ordered placement in a BOP facility close to San Diego was: "Mr. Mincoff wishes to actively participate in the selection and briefing of issues to

---

[1] In his Reply, Petitioner notes that the Government did not attach a copy of the March 26, 2008, letter sent to the Court regarding defendant Mincoff's BOP designation. A copy of that letter is attached hereto as "Exhibit 1."

be raised in his appeal." See Memorandum at p. 2, lines 26-27. Expanding upon that basis for his requested relief, Petitioner then set forth the appellate briefing timetable. Id. at pp. 2-3.[2] As such, a truly "fair reading" of Petitioner's memorandum, that is, one which doesn't involve making up facts, demonstrates that Petitioner's claim is moot because he has already been afforded his requested remedy - meaningful participation in the appellate process. His § 2241 petition should therefore be denied.

**B. Petitioner Did Not Exhaust His Administrative Remedies**

Petitioner also claims that he exhausted all of his administrative remedies by sending a letter and a follow-up email to Lisa Austin, a BOP official. See Petitioner's Reply at pp. 4-5. He is wrong.

The BOP's Administrative Remedy Program for inmates is set out in the Code of Federal Regulations Title 28, Sections 542.10-.19. These procedures include a process whereby inmates may seek formal review of any aspect of their confinement. 28 C.F.R. § 542.10. The program is a four-tiered review process, comprised of an informal resolution process, requests to the Warden, requests to the Regional Director, and a final request to the Office of General Counsel. 28 C.F.R. § 542.10.

Inmates must first attempt to informally resolve their complaints at their institution (usual through the inmate's

---

[2] In his February 27, 2008, letter to Ms. Austin, counsel for Petitioner requested placement at a facility close to San Diego. The sole basis for that request: "Mr. Mincoff wishes to actively participate in the selection and briefing of issues to be raised in his appeal." See Letter attached Petitioner's Reply as Exhibit 1, p. 2.

correctional counselor). 28 C.F.R. § 542.13. An attempt at informal resolution is commonly referred to as a BP-8. If the issue cannot be resolved informally, inmates must next present their complaints to the Warden of the facility in which they are confined. 28 C.F.R. § 542.14. An administrative remedy filed with the Warden is commonly referred to as a BP-9.

If an inmate is not satisfied with the Warden's response, the inmate may appeal the matter to the Regional Director of the region in which the inmate is confined. 28 C.F.R. § 542.15. The inmate has 20 calendar days from the date the Warden signed the BP-9 response to appeal. Id. An appeal at the Regional level is commonly referred to as a BP-10.

If the inmate is not satisfied with the Regional Director's response, the inmate may appeal the matter to the Office of General Counsel. 28 C.F.R. § 542.15. The inmate has 30 calendar days from the date the Regional Director signed the response to the BP-10. 28 C.F.R. § 542.15.

An appeal to the Office of the General Counsel is the final BOP administrative appeal and is known as a BP-11. 28 C.F.R. § 542.15. Inmates are not considered to have exhausted their administrative remedies until their requests have been filed at all levels of the process and denied at all levels.

Petitioner has failed to follow any of the above-noted administrative steps, which are a necessary prerequisite to the proper filing of a § 2241 petition. See Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986) (failure to exhaust administrative remedies is an appropriate basis for dismissal of a petition for writ of habeas corpus); Prisoner Litigation Reform Act, 42 U.S.C.

§ 1997e(a) ("[n]o action shall be brought with respect to prison conditions under section 1983 of this title, *or any other Federal Law*, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.")(emphasis added). His petition should therefore be denied.

**III**

**CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the Court deny Petitioner's habeas corpus petition, filed pursuant to 28 U.S.C. § 2241.

Date: September 9, 2008

KAREN P. HEWITT
United States Attorney

/s/ Todd W. Robinson
TODD W. ROBINSON
Assistant U.S. Attorney